NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 5 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: ONENOA FAAVEVELA FAITALIA
and SOI FAITALIA,

Debtors,

_____

ONENOA FAAVEVELA FAITALIA and
SOI FAITALIA,

Appellants,

v.

VILLAGE PARK COMMUNITY
ASSOCIATION,

Appellee.

No.   16-60100

BAP No. 16-1170

MEMORANDUM*

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Jury, and Taylor, Bankruptcy Judges, Presiding

Argued and Submitted June 14, 2018
Honolulu, Hawaii

Before:  TASHIMA, W. FLETCHER, and HURWITZ, Circuit Judges.

Onenoa and Soi Faitalia (the "Faitalias"), Chapter 13 debtors, appeal a

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

decision of the Bankruptcy Appellate Panel ("BAP") reversing a bankruptcy court order awarding attorney's fees against the Village Park Community Association ("Village Park") under Haw. Rev. Stat. § 421J-10(a). We have jurisdiction under 28 U.S.C. § 158(d)(1), and affirm the BAP decision.

**1.** The Faitalias own a home (the "Property") subject to the Declaration of Protective Covenants for Village Park, a homeowner's association. Village Park recorded a lien against the Property for delinquent assessments and, after the Faitalias filed for Chapter 13 bankruptcy, filed a proof of claim asserting a fully secured claim for the assessments. The bankruptcy court held that Village Park's claim was unsecured, because the value of the Property was less than the first-priority mortgage held by a lender. *See* 11 U.S.C. § 506(a)(1) ("An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.").

**2.** The BAP correctly held that the Faitalias were not entitled to attorney's fees because, by filing a proof of claim and disputing its priority, Village Park did not engage in any action covered by § 421J-10(a).[1]

---

[1]    "[W]e generally presume that claims enforceable under applicable state law will be allowed in bankruptcy unless they are expressly disallowed." *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 452 (2007).

**A.** Section 421J-10(a) provides that attorney's fees shall be awarded against the homeowner's association in an action "[c]ollecting any delinquent assessments," "[f]oreclosing any lien," or "[e]nforcing any provision of the association documents" if "the association is not the prevailing party." But, "[f]iling a claim in a . . . chapter 13 case . . . is not an act that personally targets the debtor or the debtor's property. Rather, its purpose is to obtain a distribution from the chapter 13 bankruptcy estate." *In re Clayton*, No. 09-03379-FLK13, 2010 WL 4008335, at \*3 (Bankr. E.D. Wash. Oct. 12, 2010). Indeed, once the Faitalias filed for bankruptcy, Village Park was prohibited from taking the actions described in the fee statute, because the automatic stay applies to all proceedings seeking to "enforce any lien against property" and "to collect, assess, or recover a claim." *See* 11 U.S.C. § 362(a)(4), (6).

**B.** Nor was Village Park "not the prevailing party" under § 421J-10(a). The bankruptcy judge did not deny or reduce Village Park's claim for the delinquent assessments, invalidate the lien under state law, or find the association documents unenforceable; he merely found the claim had a lower priority status under bankruptcy law than Village Park asserted, and converted it into an unsecured claim.[2] Although Village Park was perhaps "not the prevailing party" with respect

---

[2]    Indeed, unless the Faitalias complete the Chapter 13 plan, the lien will not be permanently displaced. *See Victorio v. Billingslea*, 470 B.R. 545, 554 (S.D. Cal. 2012) ("In a chapter 13, lien avoidance is established at confirmation of the debtor's chapter 13 plan, but it does not become permanent until the debtor completes all payments under the plan and receives a discharge.").

to its assertion of the claim's secured status, that issue does not fall under the purview of § 421J-10(a).

   **AFFIRMED**.[3]

---

[3]    The Faitalias' motions to strike, Dkts. 28 and 38, are **DENIED**.